James **HOOPER a/k/a Jim Hooper and Sawyer Transportation, Appellants,**

v.

**Janie TORRES, Appellee.**

**No. 08–89–00306–CV.**

Court of Appeals of Texas, El Paso.

May 9, 1990.

Rehearing Overruled June 13, 1990.

Jack Brewster, Brewster and Mayhall, El Paso, Royal H. Brin, Jr., Strasburger & Price, Dallas, for appellants.

Doris Sipes, Susan Larsen (on appeal only), El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from a judgment based upon a jury verdict awarding damages for personal injuries sustained by Janie Torres when her car was involved in an accident with a truck being driven by James Hooper who was alleged to be an employee of Sawyer Transportation.

The accident occurred on August 1, 1981 and suit was filed on August 4, 1983. An amended petition alleged that "Defendants have been without the State for sufficient time and pursuant to Article 5537, Vernon's Annotated Civil Statutes, Plaintiffs have brought their cause within the specified limitation period." Subsequent to the filing of that amended petition, another party was dismissed and only Janie Torres remained as a plaintiff at the time of trial. The jury found (1) that only the negligence of James Hooper proximately caused the occurrence in question, (3) damages of $405,000.00, (4) that James Hooper was absent from the State of Texas for at least three days from the date of the accident to the time this lawsuit was filed; and (5) that Sawyer Transportation was doing business in the State of Texas at the time of the accident. With prejudgment interest, judgment was entered for $519,712.30, plus interest and cost.

■ In their first point of error, the Appellants contend the trial court erred in overruling their plea in bar and in entering judgment against them. They argue that the cause of action was barred by the two-year statute of limitations for personal injury. Tex.Civ.Prac. & Rem.Code Ann. sec. 16.003 (Vernon 1986). The pleading showed on the face of the record that suit was not filed within two years. But, Section 16.063 of the Code provides that an absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence. The last day for filing this suit, without any suspension of the statute, was August 1, 1983. *Harper v. American Motors Corporation*, 672 S.W.2d 44 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Payne v. Wittenberg*, 239 S.W. 224 (Tex.Civ.App.—Galveston 1922, no writ). If the defendant was out of the state three days between August 1, 1981 and August 1, 1983, the statute did not run or if he was out of the state on August 1, 1983, the last day for filing, the statute would be suspended until his return.

In this case, the burden of proof was on the defendants in the trial court to show the suit was not timely filed. The petition showed that on its face, and the plea in confession and avoidance acknowledged that fact. The pleading alleged an accident on August 1, 1981 and had a file mark of August 4, 1983. The plaintiff sought to avoid that defense by affirmatively pleading Hooper's absence from the state and the provisions of Tex.Rev.Civ.Stat.Ann. art. 5537 (now Tex.Civ.Prac. & Rem.Code Ann. sec. 16.063) in confession and avoidance. The burden of proof on that issue was upon the plaintiff. *Wise v. M.E. Anderson*, 163 Tex. 608, 359 S.W.2d 876 (1962).

Evidence was offered to show that Hooper was at times out of the state while working as a truck driver. But, there was no evidence before the jury, either by proof of a filing date or by stipulation to establish when suit was filed. The case was not

tried until February 1989 and in answering Question No. Four, the jury could just as well have considered whether Hooper was out of the state in 1984, 1985, 1986, 1987 or 1988 in order to determine that he was out of the state three days between the date of the accident in 1981 and the filing of suit which they may have believed occurred in 1989. A question which inquires about an occurrence within a time frame but puts no limit on one end of that frame results in a meaningless answer. Issues may be disregarded as immaterial where they are not grounds for rendering judgment for or against a party. *Estate of Lee v. Continental Trailways,* 564 S.W.2d 392 (Tex. Civ.App.—Dallas 1978, writ ref'd n.r.e.). By motion for judgment non obstante veredicto, it was asserted that the verdict was ineffective as a matter of law to support any judgment in favor of plaintiff because the suit was barred by limitations and further, that the evidence was not legally sufficient to support the answer to Question No. Four by which the jury purported to find Hooper absent from the state for three days from the date of the accident to the time suit was filed. It was incumbent upon the party with the burden on the issue to request a correct issue which was raised by the evidence and obtain a favorable answer in order to prevail upon that part of the case which would avoid the failure to file within the time proscribed by the statute of limitations. This issue did not do that. The plaintiff should have offered the petition in evidence to show the filing date, offered a stipulation to establish the necessary filing date or the jury question should have inquired about a time period from August 1, 1981 to August 1, 1983. She did neither and did not meet the burden to avoid the effect of the statute of limitations upon her case.

■ In argument it was urged that the trial court made an implied finding to support the judgment rendered. An implied finding may be made where some elements of a cause of action or a defense are submitted and others are omitted. Tex.R. Civ.P. 279; *Allen v. American National Insurance Company,* 380 S.W.2d 604 (Tex. 1964). But, where the issue consists of only one element there can be no implied finding. See *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515 (Tex.1988), holding that the discovery rule involves only one element. Likewise, absence from the state only involves one element, and that element was submitted but was defective when one end of the time frame was left open. It will not support the confession and avoidance which was alleged. The jury found that Sawyer Transportation was doing business in Texas at the time of the accident. Under that finding, the statute began to run immediately. There is no finding to prevent the statute from having run on August 1, 1983. Therefore, we must conclude that the cause of action against both the trucking company and the driver were barred when this suit was filed on August 4, 1983. We sustain Point of Error No. One.

It is asserted in the next two points of error that there is no evidence and insufficient evidence to support the answers to Questions Four and Five. Our disposition of the first point of error makes these points of error moot and they are overruled.

■ The Appellants contend in the next two points of error that the trial court erred in excluding from evidence the major part of the report of Dr. James Boone and then in overruling a motion to withdraw an announcement of ready and a motion for continuance made after the court sustained objections to the medical report. Dr. Boone did a physical evaluation when Janie Torres retired from the school system and qualified for disability payments. He examined her again about five weeks before this case was tried. On January 20, 1989, he wrote an eight page report addressed to counsel for the defendants which included "Clinical Impression," "Permanent Physical Disability," "Discussion," "Old Notes Review," "Treatment Recommendations," "Work Status," "X–Rays," "History," "Past Medical History" and "Examination." In answer to interrogatories on January 20, Dr. Boone was listed as a witness. His report was delivered to counsel for the plaintiff on January 24, 1989 and the case

went to trial on February 22, 1989. A motion to strike designation of experts was filed on February 14 and a motion for rehearing was filed on February 22.

When the report was offered in evidence, objection was made that it did not qualify under an exception to the hearsay rule and that it was not based on reasonable medical probability. The court sustained the objection in part, excluded the first five pages of the report and admitted the "Clinical Impression," "History," "Past Medical History" and "Examination." He excluded the "Permanent Physical Disability" which gave the patient 0 percent disability of the back and 10 percent of the neck. In explaining the ruling, the court said "one problem could be that it's not based on reasonable medical certainty." If the court's ruling was correct on any basis, that ruling must be affirmed, regardless of whether that was the reason the court gave for the ruling. We find nothing in the report to suggest that it was not based on reasonable medical probability. The findings as to the X rays reflect the doctors findings. The treatment which was recommended was obviously based upon the doctor's findings and medical experience. Pages two through five of the report are only a summary of notes regarding prior medical treatment and evaluations. Some of these findings are as to her medical condition following a 1981 and a 1982 automobile accident. Our courts have consistently held that it is the substance of the medical evidence rather than precise magic language which satisfies the requirement for reasonable medical probability. *Stodghill v. Texas Employers' Insurance Association*, 582 S.W.2d 102 (Tex.1979); *Lucas v. Hartford Accident and Indemnity Company*, 552 S.W.2d 796 (Tex.1977). We cannot sustain the ruling that the report is not based upon reasonable medical probability.

A more serious question is whether the report is a business record and an exception to the hearsay rule under Tex.R.Civ. Evid. 803(6). To establish that fact, Marco Elizondo, an employee of El Paso Orthopedic Surgery Group testified that the letter *in question* contained the signature of Dr. Boone, that he is licensed to practice medi-

cine in Texas and is board certified as an orthopedic specialist and further that the letter is the kind of record made in the ordinary course of business of Dr. Boone and the Surgery Group and that someone with knowledge of the events recorded made a note of the same and record of the same at or about the time that it occurred. A very similar issue was before the Court in *Texas Employer's Insurance Association v. Sauceda*, 636 S.W.2d 494 (Tex.App. —San Antonio 1982, no writ). In that case, the court held the letter was not admissible and said if it was written in response to a request by TEIA, the instrument did not qualify as a routine entry in the claimant's medical history. Objection was also made concerning an opinion about which doctors can and do disagree. That objection would not be valid today. 20 Hous.L.Rev. 520–21 (1983). In *Associated Indemnity Corp. v. Dixon*, 632 S.W.2d 833 (Tex.App.—Dallas 1982, writ ref'd n.r.e.), the court found medical reports which contained reports and documents not generated by the doctors or their employees but produced from outside sources were not admissible. Most of the report which the court excluded in this case was a summary of notes and reports made by other doctors. We find no error in excluding that part of the report which was not based upon entries made by Dr. Boone or employees of his surgery group. We believe Dr. Boone's disability ratings were admissible had they been tendered separately, but that burden was upon the defendant's counsel to make a proper tender of what was admissible and separate it from the inadmissible evidence. *Texas Employers' Insurance Association v. Creswell*, 511 S.W.2d 68 (Tex.Civ.App.— Eastland 1974, writ ref'd n.r.e.); *Texas General Indemnity Company v. Ellis*, 421 S.W.2d 467 (Tex.Civ.App.—Tyler 1967, no writ). Point of Error No. Four is overruled. Point of Error No. Five is overruled since Appellant was not entitled to a continuance where the evidence was not admissible in the first place.

The next complaint is that the trial court erred in excluding the report and testimony of the investigating officers as

to whether he had found any improper or negligent driving on the part of the two drivers involved in this accident. We conclude that the trial court did not abuse its discretion as the officer was not shown to be qualified as an accident reconstruction expert. *DeLeon v. Louder,* 743 S.W.2d 357 (Tex.App.—Amarillo 1987), *writ denied, Louder v. DeLeon,* 754 S.W.2d 148 (Tex. 1988); *Clark v. Cotten,* 573 S.W.2d 886 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.). In addition, we would hold the court's ruling harmless if it were erroneous because the essential aspects of the officer's testimony were before the jury. Tex. R.App.P. 81(b)(1). Point of Error No. Six is overruled.

Appellant contends the damages found by the jury were excessive and not supported by sufficient evidence of probative force. The evidence was conflicting as to the severity of the injuries sustained and which of four accidents were responsible for the plaintiff's injuries and her disability. There was evidence from expert witnesses to support the jury findings. We are not to substitute our findings for those of the jury who saw the witnesses and passed on their credibility. Point of Error No. Seven is overruled.

■ The assertion in the last point of error is that the trial court erred in entering judgment against Sawyer Transportation in the absence of any liability finding against it and when such liability was not established as a matter of law. It was alleged that Hooper was an employee, agent and representative of Sawyer Transportation acting in the course and scope of his employment. At the time of the accident, the truck-tractor being driven by Hooper belonged to him and he had completed a delivery from Pennsylvania to California and was on his way home to Dallas. The burden was on the plaintiff to obtain jury findings on all essential issues which were not established as a matter of law. Having failed to request any issues on the theory of respondeat superior or agency, such theory of recovery was waived. *Johnson v. Miller,* 142 Tex. 228, 177 S.W.2d 249 (1944). A favorable finding on

the issue of scope of employment which is supported by the evidence is essential to a recovery against an alleged employer. *Robertson Tank Lines, Inc. v. Van Cleave,* 468 S.W.2d 354 (Tex.1971). Point of Error No. Eight is sustained.

The judgment of the trial court is reversed and judgment rendered that Janie Torres take nothing from James Hooper a/k/a Jim Hooper and Sawyer Transportation.