**Varrie LEE, Appellant,**

v.

**HUNTSVILLE LIVESTOCK SERVICES, INC., Appellee.**

No. 14–94–01254–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 5, 1996.

Lonnie B. Davis, Lufkin, for appellant.

Mark D. Wilson, Houston, for appellee.

Before LEE, HUDSON and EDELMAN, JJ.

## OPINION

LEE, Justice.

Appellant, Varrie Lee, appeals a judgment in her favor of $112,192.27 for injuries she sustained when her car collided with cattle consigned to appellee, Huntsville Livestock Services, Inc. (Huntsville Livestock). Lee brings ten points of error and Huntsville Livestock brings four crosspoints. We reverse and remand.

In August 1990, Huntsville Livestock conducted a livestock auction at the Walker County fairgrounds. While preparing for the auction, several head of cattle escaped from the fairgrounds' pens. Most of the cattle remained within the perimeter of the fairgrounds and eventually returned to the pens. However, some of the cattle left the fairgrounds and wandered onto a nearby farm-to-market road. Lee had a head-on collision with five of these cattle approximately a mile from the fairgrounds. Lee sustained injuries as a result of the incident. The jury determined that Huntsville Livestock was entirely at fault and, in response to damage issues, awarded $7,300 for past pain and anguish, $50,000 for past loss of earning capacity, $30,000 for future loss of earning capacity, $4,420 for past physical impairment, and $6,630 for future physical impairment. The jury, however, did not award any damages for future pain and mental anguish.

Both parties complain of the jury's answer to Question 3. In its fifth point of error, Lee contends that the evidence was insufficient to support the jury's answers to damages questions number 3(a), 3(b), and 3(c). Specifically, she argues the zero damages award for future pain and mental anguish are against the great weight and preponderance of the evidence. In its third crosspoint, Huntsville Livestock also claims the jury improperly answered Question 3 of the jury charge. Under the theory of fatal conflict, Huntsville Livestock contends the answers to questions 3(a), 3(b), and 3(c) are inconsistent. Thus, we are presented with a rare situation where both parties request that we reverse the trial court's judgment. We find ourselves able to accommodate both.

Huntsville Livestock argues that there was a fatal conflict between the jury's answers to questions 3(a), 3(b), and 3(c). Specifically, Huntsville Livestock argues that the awards for future loss of earning capacity and future physical impairment were inconsistent with the zero damage award given for future pain and mental anguish. In reviewing an alleged conflict in jury findings, the

threshold question is whether the findings are about the same material fact. *State Farm County Mut. Ins. Co. v. Moran*, 809 S.W.2d 613, 619 (Tex.App.—Corpus Christi 1991, writ denied). We are to consider each of the answers claimed to be in conflict, and, if one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally inconsistent. *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 991 (1949); *Transmission Exchange Inc. v. Long*, 821 S.W.2d 265, 274 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *Port Terminal R.R. Ass'n v. Richardson*, 808 S.W.2d 501, 511–12 (Tex.App.—Houston [14th Dist.] 1991, writ denied). It is essential that the party seeking to set aside the verdict, on the ground of conflict, be able to point out that one of the conflicting answers of the jury necessarily requires the entry of a judgment different from that which the court has entered. *Little Rock Furniture*, 222 S.W.2d at 991.

■ In this case, the jury awarded Lee $30,000 in loss of future earning capacity, and $6,630 in future physical impairment, but did not award any damages for future pain and mental anguish. The only evidence dealing with Lee's inability to work relates to pain. Lee, Dr. Corley, and Dr. Brelsford all based Lee's inability to resume work, on a full-time basis, to the presence of pain. Therefore, it is clearly inconsistent to award no damages for future pain and mental anguish and to award damages for loss of future earning capacity. Additionally, the evidence dealing with Lee's future physical impairment also centered exclusively on pain. Dr. Corley testified that his diagnosis of the severity of Lee's physical impairment was based entirely on Lee's complaints of pain. On these facts, it is irreconcilable to find the presence of future physical impairment without the presence of future pain and mental anguish because the future impairment necessarily involves pain.

In *Kelley v. Atlantic Gulf Stevedores, Inc.*, 681 S.W.2d 275, 278–79 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), a suit for personal injuries arising out of an automobile accident, we held that the jury's finding of lost future wages of $20,000 fatally conflicted with its finding of no lost past wages because it was clearly inconsistent for the jury to deny damages for the loss of past wages after granting damages for the expected loss of future wages. *See also Hicks v. Ricardo*, 834 S.W.2d 587 (Tex.App.—Houston [1st Dist.] 1992, no writ) (holding it was inconsistent for jury to find past mental anguish damages but no future mental anguish damages when the conditions that created the past mental anguish persisted); *State Farm*, 809 S.W.2d at 620 (holding jury finding no past physical injury damages fatally conflicts with finding of future physical injury damages). Similarly, we find that the jury's award of past pain and anguish with future loss of earning capacity and physical impairment under these facts was fatally inconsistently with awarding no future pain and anguish damages.

Lee argues that the failure to award future pain and anguish damages was not a fatal conflict, but rather that the amount of damages awarded was insufficient. She argues that we should extrapolate the amount of past pain and anguish awarded into the future throughout her remaining life expectancy.[1] She does not cite any authority which does as she asks nor do we believe any exists.

■ Pain and suffering are necessarily speculative and are particularly within the province of the jury. *Davis v. J.H. Rose Truck Lines, Inc.*, 578 S.W.2d 421, 423 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ). There are no objective guidelines by which we may measure the money equivalent of mental anguish, and the jury is allowed a great deal of discretion in fixing this amount. *Green v. Meadows*, 527 S.W.2d 496, 499 (Tex. Civ.App.—Houston [1st Dist.] 1975, writ ref'd

---

1. Lee contends that we should reform the judgment to award her the amount that the jury awarded her for past pain and anguish, $5.50 per day, for remainder of her life, 36.6 years, or $73,474.50 ($5.50 × 365 days/per × 36.6 years).

Her point of error, however, contests the legal and factual sufficiency of the evidence. Thus, while it is unclear, it appears that Lee seeks a reformation of the judgment, or, alternatively, a new trial.

n.r.e.). The appropriate amount of recovery for pain and mental anguish is left to the discretion of the jury. *Peter v. Ogden Ground Services Inc.,* 915 S.W.2d 648, 651 (Tex.App.—Houston [14 Dist.] 1996, no writ). In addition, Lee's argument overlooks the fact that even if the jury believed that she was experiencing pain and mental anguish, the jury could find that her pain and anguish was more severe immediately after the injury and that her pain and anguish would diminish (or increase) with the passage of time.

Because there was a fatal conflict in the jury's answer to Question 3, we sustain Lee's fifth point of error and Huntsville Livestock's third crosspoint. Because of our disposition of these points, we do not need to address the remaining points of error or crosspoints. We reverse the judgment of the trial court and remand for a new trial. *See Redman Homes, Inc. v. Ivy,* 920 S.W.2d 664 (Tex. 1996) (holding that proper remedy when there is insufficient evidence to support a damage issue is to reverse for a new trial on both liability and damages rather than just damages).