Affirmed and Memorandum Opinion filed April 3, 2003















Affirmed and
Memorandum Opinion filed April 3, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00182-CV

____________

 

VARRIE LEE, Appellant

 

V.

 

HUNTSVILLE LIVESTOCK SERVICES, INC., Appellee

 

__________________________________________________

 

On Appeal from
the 278th District Court

Walker County, Texas

Trial Court
Cause No. 17823-C

 

__________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            This is the second appeal arising
from a 1990 collision between appellant’s vehicle and several head of cattle
along a rural road in Walker County, Texas. 
The underlying facts of the lawsuit are thoroughly described in our
original opinion, are well known to the parties, and will not be restated here
except as necessary for disposition of this appeal.  See Lee
v.  Huntsville Livestock Servs., Inc., 934
S.W.2d 158 (Tex. App.—Houston [14th Dist.] 1996, no pet.).  In the first appeal, the jury found appellee Huntsville Livestock Services, Inc.  (“Huntsville Livestock”) negligent and
awarded Lee $112,192.27 in damages.  At
the request of both parties, we set that judgment aside for error in the
damages submission, and remanded for a new trial.  On retrial, the jury found neither party
negligent and a take-nothing judgment was entered in favor of appellee, from which this appeal ensued.  In her first point of error, appellant argues
the trial court erred in refusing her request for a res ipsa loquitur
jury instruction.  Under her second point
of error, appellant challenges the jury’s failure to find Huntsville Livestock
negligent as being against the great weight and preponderance of the
evidence.  We affirm. 

Standard of Review

            We review the trial court’s refusal
to submit the res ipsa loquitur jury instruction under an abuse of discretion
standard.  See Plainsman Trading Co. v. Crews, 898 S.W.2d
786, 791 (Tex.
1995).  A trial court’s failure to issue
appropriate instructions is not reversible error per se, but rather is reversible only when it amounts to such a
denial of the rights of the complaining party as was reasonably calculated to
and probably did cause the rendition of an improper judgment.  Island
Recreational Dev. Corp. v. Republic of Texas Sav. Ass’n, 710
S.W.2d 551, 555 (Tex.
1986).  

            In considering whether a jury’s
failure to find negligence is against the great weight and preponderance of the
evidence, we review the entire record and consider all the evidence both
favorable and contrary to the verdict.  See Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986).  We will reverse and remand for a
new trial only if the verdict is so against the great weight and preponderance
of the evidence as to be manifestly unjust. 
Pool v. Ford Motor Co., 715
S.W.2d 629, 634 (Tex. 1986). 

Analysis

            Appellant contends the trial court
erred in refusing to submit a jury instruction on the doctrine of res ipsa loquitur. 
Appellant tendered a written requested jury instruction on the doctrine[1],
which was refused by the court.  Appellee argues the trial court properly refused the
instruction, as it was neither merited by the evidence nor required in light of
the court’s circumstantial evidence instruction. 

            Res ipsa loquitur
is not an independent legal theory, but a rule of evidence whereby negligence
may be inferred under certain circumstances. 
Mobil Chem. Co. v. Bell, 517
S.W.2d 245, 251 (Tex. 1974).  A
jury instruction based on the doctrine relieves a plaintiff of the burden of
proving the defendant committed a specific act of negligence when it is
impossible for the plaintiff to determine the sequence of events, or when the
defendant has superior knowledge or means of information to determine the cause
of the accident.  Jones v. Tarrant Util. Co., 638 S.W.2d 862, 865 (Tex. 1982); Trans Am. Holding, Inc. v. Market-Antiques
and Home Furnishings, Inc., 39 S.W.3d 640, 649 (Tex. App.—Houston [1st
Dist.] 2000, pet. denied).   To be
entitled to a res ipsa
instruction, the plaintiff must show both (1) that the character of the injury
is such that it could not have occurred without negligence; and (2) that the
instrumentality causing the injury was under the sole management and control of
the defendant.  Haddock v. Arnspiger, 793 S.W.2d 948, 950
(Tex.
1990).  

            A plaintiff is not always entitled
to a specific res ipsa
instruction even if the evidence raises the issue, as a circumstantial evidence
instruction can be sufficient.  As stated
by the Texas Supreme Court, “[i]n some cases the
inferences arising from the circumstances of the accident are so apparent that
no special instruction is necessary.”  Bell, 517
S.W.2d at 256.  In other cases, “it is
sufficient to give the jury a circumstantial evidence instruction to instruct
them that acts of negligence can be proved both by direct evidence and by
inferences from other facts.”  Id.  Lastly, there are additional cases where it
would be “helpful to give the jury a more specialized res
ipsa instruction . . . .”  Id.  

 class=Section2>

            Here, the trial court instructed the
jury as to circumstantial evidence,[2] and
appellant has not shown this Court why such an instruction was insufficient
under the particular facts of the case. 
Appellant argues in his brief that the circumstantial evidence
instruction as given did not conform to Bell in that it
failed to instruct the jury that acts of negligence can be proved by both
direct evidence and by inferences from other facts proved.  This argument, even if correct, comes too
late as Lee did not object to the language of the instruction at trial.  See Tex. R. Civ. P. 274
(“Any complaint as to a [jury] question, definition, or instruction, on account
of any defect, omission, or fault in pleading, is waived unless specifically
included in the objections.”).  Although
at oral argument appellant argued that he should have been given both a circumstantial evidence and a res ipsa
instruction, he cites no authority in support of such an argument, nor are we
aware of any supportive authority. 

            Regardless, a circumstantial
evidence instruction, as used here by the trial court, has been recognized as
properly informing the jury it could infer negligence from circumstantial
evidence.  See Trans Am., 39 S.W.3d at 650; Nichols v. Copeland, No. 05-99-01233-CV,
2001 WL 800112, at *2 (Tex. App.—Dallas 2001, pet. denied) (not designated for
publication).  The trial court’s failure
to specifically instruct the jury on the res ipsa doctrine did not deny appellant a
theory of recovery, but simply limited her to one recognized means of
instructing a jury on the inference of negligence.  See
Trans Am., 39 S.W.3d at 650. 
Appellant has not shown, nor do we find, any harm by the trial court’s
use of the circumstantial evidence instruction in lieu of the requested res ipsa
instruction.[3]  See
Trans Am. at 650; Island Recreational, 710 S.W.2d at 555.  

 class=Section3>

            Second, the res ipsa doctrine only applies when the
character of the particular injury or accident is such that it could not have
occurred without negligence.  Haddock, 793 S.W.2d at 950.  The focus is on the nature of the injury or
accident, not the conduct of appellee, as res ipsa does not
require evidence of a specific act of negligence.  Turbines,
Inc. v. Dardis, 1 S.W.3d 726, 740 (Tex.
App.—Amarillo 1999, no pet.).  Generally,
res ipsa is not
applicable where the plaintiff cannot rely on general knowledge to show the
accident would not have happened in the absence of negligence, or where the
plaintiff has not produced expert testimony that the accident ordinarily does
not occur without negligence.  Trans Am. at 649.  Nor is the doctrine appropriate when direct
evidence points to possible negligence.  Id.; Farr v. Wright, 833 S.W.2d 597, 600–01 (Tex. App.—Corpus Christi 1992, writ denied).  

            Appellant did not present any expert
testimony that cattle ordinarily do not escape confinement and wander onto
public roads without negligence, or establish that it is a matter of common
knowledge that such an occurrence cannot happen in the absence of
negligence.  To the contrary, the uncontroverted evidence showed that the gate and locking
mechanisms used by appellee were standard in the
livestock industry.  No testimony was
presented by appellant demonstrating that it was a breach of ordinary care not
to chain and padlock every gate to avoid cattle breaking loose, or that appellee’s actions in attempting to regain control over the
cattle were below the standard of care. 
Appellant clearly attempted to show through cross-examination of appellee’s witnesses, and argued during closing
argument,  that specific acts and
omissions of appellee caused the accident — such as
not chaining and padlocking the gates, not closing the outside perimeter gates,
not notifying law enforcement authorities of the escaped cattle, and not
posting warnings along the road that cattle had escaped.  Texas courts
have held that res ipsa is not
appropriate when direct evidence points to specific acts of possible
negligence.  See Trans Am. at 649–50.  The
record as a whole shows appellant’s position, consistent throughout trial, had
been that specific negligent acts or omissions on the part of appellee’s employees caused the accident.  Appellant did not establish that the nature
of the accident “was such that, taken apart from appellee’s
alleged acts, negligence may be inferred.”  Id.  at 650.  

            Last, assuming appellant had shown
the accident was one that could not have occurred without negligence, she has
not met her burden of proving the error resulted in an improper judgment.  See Tex. R. App. P. 44.1(a)(1); Island Recreational, 710 S.W.2d at 555. 
We find the trial court did not abuse its discretion in refusing the
requested instruction and overrule appellant’s first point of error.

            In her second point of error,
appellant challenges the factual sufficiency of the evidence to support the
jury’s finding that Huntsville Livestock was not negligent, arguing such
failure to find is against the great weight and preponderance of the
evidence.  In support of his arguments
regarding Huntsville Livestock’s negligence, appellant contends that the calves
crashed through the internal pen gate, escaped through an open perimeter gate,
and ran onto the road in front of appellant’s vehicle, causing the collision.  Lee contends the gate latch was insufficient,
the perimeter gates should have been kept closed, and appellee’s
employees should have done more to try to round up the escaped calves and warn
motorists of the situation.  There was
ample suggestion by appellant of specific actions appellee
could have taken in hindsight to prevent the calves from escaping, but she
presented no evidence that the actions appellee did
take constituted a breach of ordinary care under the circumstances.  One of appellee’s
employees testified, without contradictory evidence from appellant, that
ninety-percent of the time when cattle inadvertently escape their pen, they
return back to the rest of the herd on their own, and the only reason to chain
and padlock a pen gate is to keep the cattle from being stolen.  Another employee testified that sooner or
later, cattle just get loose from time to time, without carelessness on
anyone’s part, and they had not been careless in any manner on the day of the
accident.  One of the employees testified
the calves had escaped the internal pen by somehow managing to bend a drop pin,
which he had never seen happen before. 
Again, none of this testimony was refuted by appellant.

            It was appellant’s burden to prove
Huntsville Livestock was negligent in the enclosing and handling of the
calves.  The jury found Huntsville
Livestock exercised ordinary care in enclosing and handling the cattle, even
though some calves did manage to crash through the gate and escape onto the
roadway.  It was the jury’s province to
judge the credibility of the evidence and resolve any conflicts or
inconsistencies.  After a careful review
of the record, we do not find that the verdict was so against the great weight
and preponderance of the evidence as to be manifestly unjust.  See
Cain, 709 S.W.2d at 176. Appellant’s second point of error is
overruled.    

Conclusion

            For the reasons we have stated,
appellant did not show a res ipsa loquitur jury instruction was appropriate under the
facts of this case, or that the trial court’s refusal to instruct the jury on res ipsa resulted
in the rendition of an improper judgment. 
We find no abuse of discretion. 
Moreover, appellant did not meet her burden of proving Huntsville
Livestock negligent in either the manner of handling or penning the cattle or
in how it responded to the cattle that had escaped.  The jury’s failure to find negligence was not
so against the great weight and preponderance of the evidence as to be
manifestly unjust. 

            The judgment is affirmed.

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed April 3, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

 











            [1]  The requested instruction read: “As to the
conduct of Huntsville Livestock Services, Inc., you may infer negligence, but
are not required to do so, if you find that the character of the accident is
such that it would not ordinarily happen in the absence of negligence and if
you find that the cattle causing the accident were under the management and
control of Huntsville Livestock Services, Inc. 
at the time the negligence, if any, probably occurred.”





            [2]  The instruction was as follows: “A fact may
be established by direct evidence or by circumstantial evidence or both.  A fact is established by direct evidence when
proved by witnesses who saw the act done or heard the words spoken or by
documentary evidence.  A fact is
established by circumstantial evidence when it may be fairly and reasonably
inferred from other facts proved.”





            [3]  As the jury found appellee
negligent in the first trial in absence of a res ipsa instruction, it appears somewhat
incongruous for appellant to argue that absence of the same instruction caused
the jury to find appellee not negligent in the second
trial.  We note the jury charge in both
trials included the same instruction on circumstantial evidence.