CONCURRING AND DISSENTING OPINION



No. 04-02-00196-CV



BAY, INC.,


Appellant


v.



Randy and Rebecca RAMOS, Individually and as Next Friends of Erika


and Randy Ramos, Jr., Minor Children,


Appellees



From the 79th Judicial District Court, Jim Wells County, Texas


Trial Court No. 98-02-36425


Honorable Stan Pemberton, Judge Presiding



Opinion by: Sandee Bryan Marion, Justice

Concurring and Dissenting opinion by: Catherine Stone, Justice; joined by Chief Justice Alma L.
López and Justice Phylis J. Speedlin


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice

 David Puryear, Justice (1)


Delivered and Filed: March 24, 2004


 At approximately 8:30 p.m. on the evening of September 27, 1997, Rebecca Ramos seated
her two sleepy young children in the front seat of a car for a quick trip home from their grandparents'
house. The car, a rental vehicle that Rebecca had driven only one other time, was equipped with air
bags. Within a few minutes of her journey, Rebecca was involved in an automobile accident that all
parties agree was not caused by Rebecca in any way. At the ensuing trial, Rebecca testified that she
did not understand what an air bag could do upon deployment. She also testified, however, that she
knew the best place for her young children was in the back seat of the car. A jury in Jim Wells
County heard this testimony and determined that Rebecca was not guilty of negligence that
"proximately cause[d] the occurrence or injury" to her children. The majority concludes that
"evidence that Rebecca's actions caused, or contributed to, Erika's injuries outweighs any finding of
zero responsibility on Rebecca's part for those injuries." Slip op. at 13-14. I respectfully dissent from
this conclusion.

 As to Rebecca, the jury was told that "'Negligence' means failure to use ordinary care, that
is, failing to do that which a person of ordinary prudence would have done under the same or similar
circumstances or doing that which a person of ordinary prudence would not have done under the
same or similar circumstances." The jury was also instructed that proximate cause "means that cause
which, in a natural and continuous sequence, produces an event, and without which such event would
not have occurred. In order to be a proximate cause, the act or omission complained of must be such
that a person using the degree of care required of him would have foreseen that the event, or some
similar event, might reasonably result therefrom." 

 The record contains no evidence that Rebecca was legally obligated to place her young
children in the back seat of the car. Nor is there any evidence that in 1997 a person of ordinary
prudence would not have placed two young children in the front seat of a car, or that in 1997 a
person of ordinary prudence would have foreseen that the failure to place children in the back seat
would or could lead to the type of devastating injuries suffered by Erika. The jury determined that
Rebecca was not negligent, and although we may sharply disagree with the jury's conclusion, based
on this record, we are not free to disregard their conclusion. See Cruz ex. rel. Cruz v. Paso Del
Norte Health Found., 44 S.W.3d 622, 646 (Tex. App.--El Paso 2001, pet. denied)(refusing to sit
as thirteenth juror); Gainsco County Mut. Ins. Co. v. Martinez, 27 S.W.3d 97, 108 (Tex. App.--San
Antonio 2000, pet. dism'd by agr.)(same). For this reason, I respectfully dissent from the portion of
the majority opinion and judgment which reverses and remands the cause for a new trial. I concur
in all other regards.


 Catherine Stone, Justice
1. Justice Puryear sitting by designation of the Texas Supreme Court.