NO. 07-08-0050-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 30, 2008



______________________________



THE STATE OF TEXAS, APPELLANT



V.



CHAPMAN CHILDREN'S TRUST I, APPELLEE


_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;



NO. 81106-1; HONORABLE W. F. "CORKY" ROBERTS, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ON JOINT MOTION TO REVERSE AND REMAND


 Pending before the Court is the parties' "Joint Motion to Reverse and Remand," by
which appellant, the State of Texas, and appellee, Chapman Children's Trust I, advise they
have reached an agreed disposition of the appeal. As we understand its description in the
joint motion, the parties' agreement is that the default judgment rendered by the trial court
against the State is to be reversed and the cause remanded for a new trial. 

 Appellate Rule 42.1(a)(2) provides the means for disposition of a civil appeal by
agreement of the parties. Tex. R. App. P. 42.1(a)(2)(A)-(C). The agreed disposition the
parties request by their joint motion does not come within any of those permitted by the
rule. Further, the comment to Rule 42.1 in part provides, "[t]he rule[s] does not permit an
appellate court to order a new trial merely on the agreement of the parties absent
reversible error . . . ." Finding the parties' joint motion seeks relief the Court is not
authorized to grant, we deny the motion, without prejudice.


 Per Curiam






d. Given this, it can be said that the excluded evidence
was cumulative of that admitted, and, consequently, Leslie was not harmed by the trial
court's rulings, assuming, of course, that they were inaccurate. See Hooper v. Torres, 790
S.W.2d 757, 761 (Tex. App.--El Paso 1990, writ denied) (holding harmless the decision to
exclude particular evidence since the evidence essentially was admitted elsewhere at trial).

 Accordingly, we affirm the judgment of the trial court.


 Per Curiam