Orville CLARK, Appellant,

v.

Joe S. COTTEN et al., Appellees.

No. 8158.

Court of Civil Appeals of Texas, Beaumont.

Nov. 9, 1978.

Rehearing Denied Dec. 7, 1978.

Juan Velasquez, III, Victoria, for appellant.

Ronald B. Brin, Corpus Christi, for appellees.

DIES, Chief Justice.

Plaintiff below, Orville Clark, appeals from a take nothing judgment in a personal injury suit resulting from an automobile-truck collision. The defendants below were Cecil Earl Cotten, the driver of the pickup, and its owner, the driver's father Joe S. Cotten. The father, Joe S. Cotten, was granted an instructed verdict, of which there is no complaint on appeal; so, the parties will be referred to herein as they were below, with Cecil Earl Cotten referred to as defendant.

During the trial, plaintiff attempted to introduce evidence from a State Trooper, which was excluded by the court, and which

plaintiff has assigned as his first point of error.

The testimony as reflected by a bill of exception follows:

"Q. Officer Stehle, based on your experience as a state trooper, and based on your education and training in accident investigation, and based on the number of accidents that you have investigated, did you form an opinion as to the cause of this accident?

"A. Yes, sir. I felt that the pickup was driving at faster than conditions at this time would permit."

In Texas, accident analysts and reconstruction experts can be qualified if they are highly trained in the science of which they testify. See *Bolstad v. Engleson*, 326 S.W.2d 506, 518 (Tex.Civ.App.—Houston 1959, writ ref'd n. r. e.); *Texaco, Inc. v. Romine*, 536 S.W.2d 253 (Tex.Civ.App.—El Paso 1976, writ ref'd n. r. e.). See note 38 Tex. L. Rev. 503, 506 n. 14 (1960).

"As for regular police officers, sheriffs, mechanics, etc., it generally may be said that they lack such training and experience as would qualify them to make a scientific analysis from physical evidence, regardless of how many accident scenes one may have examined."

See also *East Texas Motor Freight Lines, Inc. v. Neal*, 443 S.W.2d 318 (Tex.Civ.App.—Texarkana 1968, writ ref'd n. r. e.). The State Trooper involved here had been with the Department of Public Safety eight and one-half years, had received seventeen weeks of training, and had investigated 350 accidents.

It had been raining when the officer investigated the accident we review, and he saw "eraser marks" on the highway, indicating defendant's westbound vehicle went into a skid—or hydroplane—after hitting a puddle of water, going into the eastbound lane, and striking plaintiff's vehicle. The officer testified that his training was that a car could "hydroplane" at 56 m. p. h. when running through water.

We do not believe this testimony qualified the officer to opine the ultimate cause of this accident—the jury's prerogative—and overrule this point.

Plaintiff's Points 2 and 3 complain of the court submitting unavoidable accident and sudden emergency, because there was no evidence raising these issues.

We review these points under the instructions of *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

Defendant received a blow on the head and recalled almost nothing. Plaintiff likewise never saw defendant's vehicle. Defendant's brother, Kenneth Cotten, was riding in the cab of the pickup. It was about noon, and it had been raining. There was water on the highway and the shoulder. At Kenneth's suggestion, defendant reduced his speed from 55 or 60 m. p. h. to 45 or 50 m. p. h. and pulled off the main traveled portion to the shoulder for reasons of safety. The pickup hit a water spot causing it to hydroplane into plaintiff's vehicle.

■ An unavoidable accident is an event not proximately caused by the negligence of any party to it. *Dallas Railway & Terminal Co. v. Bailey*, 151 Tex. 359, 250 S.W.2d 379, 385 (1952). We believe the above summarized testimony raises this issue. See *Salazar v. Hill*, 551 S.W.2d 518, 520 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.), noting that a jury issue is raised if the evidence shows wet pavement and skidding.

■ A trial court is justified in submitting "sudden emergency" if the conditions or circumstances relied upon arise suddenly and unexpectedly, call for action leaving no time for deliberations, and were not brought about by the negligence of the party seeking to avail himself of the doctrine. *Salazar v. Hill, supra*; *Deviney v. McLendon*, 496 S.W.2d 161, 166 (Tex.Civ. App.—Beaumont 1973, writ ref'd n. r. e.). These points are overruled.

In Points 4 and 6, plaintiff complains that the answers to S.I. 1(a) and (b) and S.I. 4 are against the great weight and preponderance of the evidence; and, in Points of error 5 and 7 that the evidence required affirmative answers to these issues as a matter of law.

In S.I. 1(a) and (b) the jury answered, "No" when asked if defendant was negligent as to speed or driving on the shoulder of the road, and in S.I. No. 4 that defendant's failure to keep his vehicle on the right half of the roadway was not negligent.

■ In these points we are guided by *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). All of the evidence pertaining to these points has been summarized in this opinion. We believe this evidence supports the jury findings challenged.

■ The mere fact a Court of Civil Appeals might have reached a different conclusion does not authorize us to substitute our judgment for the jury's findings. *Clodfelter v. Martin*, 562 S.W.2d 491 (Tex. Civ.App.—Corpus Christi 1977, no writ). And, a jury's failure to find facts of negligence vital to a plaintiff's recovery need not be supported by affirmative evidence; that is, the defendant need not prove lack of negligence. *Clodfelter v. Martin, supra* at 493.

All of plaintiff's (appellant's) points of error are overruled, and the cause is affirmed.

AFFIRMED.