**Andres DeLEON and Rachel DeLeon, Individually and as Next Friend of Dana DeLeon, Appellants,**

v.

**David LOUDER, Appellee.**

**No. 07–87–0007–CV.**

Court of Appeals of Texas, Amarillo.

Dec. 31, 1987.

Rehearing Denied Jan. 26, 1988.

Donald M. Hunt, Carr Evans Fouts & Hunt, Lubbock, for appellee.

Carlton McLarty, McLarty & McLarty, Amarillo, for appellants.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

Andres DeLeon and Rachel DeLeon, individually and as next friend of their child, Dana DeLeon, sought to recover damages from David Louder as the result of a collision between an automobile driven by Louder and one driven by Rachel DeLeon. Accepting jury findings that negligence on the part of both Louder and Rachel DeLeon caused the collision, and that fault was attributable 15% to Louder and 85% to Rachel DeLeon, the court rendered a take-nothing judgment.

This appeal by the DeLeons requires us to determine, conformable to their points of error, whether the trial court erred in (1) overruling their motion for mistrial when Department of Public Safety Trooper Heckerman testified that Rachel DeLeon got a citation, (2) overruling objections to the qualifications of Trooper Heckerman as an expert witness on the cause of the collision, and (3) overruling objections to Trooper Heckerman's testimony concerning a legal conclusion. We will overrule the second point, sustain the first and third points, reverse the judgment, and remand the cause.

Louder was driving his automobile north on a paved farm road at about sixty miles

per hour as Rachel DeLeon, operating her automobile with the child, Dana, as a passenger, approached the farm road on an intersecting dirt road. Rachel DeLeon stopped at a yield sign at the intersection, and turned onto the paved road in front of Louder, who had slowed to avoid hitting pheasant crossing the road. When Louder looked up and saw the DeLeon automobile in front of him, he honked and turned his automobile to the left; however, the right front fender of his automobile collided with the left rear of the DeLeon automobile.

The accident was investigated by Texas Department of Public Safety Trooper Robert Heckerman, who was called as a witness by Louder. It was developed that Heckerman spent six years with the Department, during which he attended an eighteen week recruit school. Thereafter, he attended in-service and related schools to keep up to date on laws and matters pertaining to his job. He had accident reconstruction training and taught accident investigation at the United States Air Force Academy for one year. He investigates thirty to fifty accidents annually.

Heckerman testified that in investigating the accident, he took measurements and determined the point of impact was anywhere from 100 to 150 feet north of the intersection. He observed skidmarks left by the Louder vehicle going slightly toward the center of the roadway.

When Heckerman was asked if, based upon his training, teaching, investigative experience and his investigation of this accident, he had an opinion as to the factor contributing to the accident, the DeLeons objected on the ground that he was not qualified. The court overruled the objection, and Heckerman gave his opinion that the DeLeon vehicle failed to yield the right-of-way to the Louder vehicle.

The court's ruling, but not the opinion itself, is assigned as error by the DeLeons with their second point of error. Although there are no definite guidelines for ascertaining whether a witness possesses the expertise necessary to be permitted to express an opinion about a matter, *Rogers v. Gonzales*, 654 S.W.2d 509, 513 (Tex.App.—

Corpus Christi 1983, writ ref'd n.r.e.), it is accepted that one who, by knowledge, skill, experience, training, or education, has specialized knowledge that will assist the trier of fact to understand the evidence or determine a fact in issue may express an opinion about the matter. Tex.R.Civ.Evid. 702; *Adams v. Smith*, 479 S.W.2d 390, 393 (Tex. Civ.App.—Amarillo 1972, no writ). The trial court is vested with broad discretion to determine whether a particular witness is qualified to testify as an expert, and the court's determination will not be disturbed on appeal in the absence of a showing that the court clearly abused its discretion. *Rogers v. Gonzales, supra; Adams v. Smith, supra.*

In support of their point, the DeLeons contend that Heckerman's qualifications are strikingly similar to those of the state trooper whose testimony was excluded in *Clark v. Cotten*, 573 S.W.2d 886 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.). The *Clark* court affirmed the trial court's exclusion of the offered testimony of the trooper—who was shown to have been with the Department for eight and one-half years, had received seventeen weeks of training, and had investigated 350 accidents—on the reasoning that he was not qualified to opine the ultimate cause of the accident. *Id.* at 888.

Not only was Trooper Heckerman shown to be far better qualified than the *Clark* trooper by reason of his accident investigation training and education, but the opinion sought from him was not one of the ultimate cause of the Louder–DeLeon collision. Qualifications similar to those of Heckerman, coupled with the details of the investigation of the collision, have been held sufficient for the officer to express an opinion on a fact bearing on the determination of an ultimate issue in the cause. *Adams v. Smith, supra,* at 396. *Accord, Rogers v. Gonzales, supra,* at 512–14. We, therefore, perceive no abuse of discretion in the court's ruling. The second point of error is overruled.

Pursuant to a motion in limine, it was agreed that there would be no mention of a traffic citation. However, when during

Trooper Heckerman's cross-examination it was revealed that he had lost his notes concerning the accident occurring over two years ago, he was asked:

> Over two years? How is it that you remember that those skidmarks were a 100 to 150 feet, or do you remember, or are you making an estimate?

Heckerman responded:

> No, I remember it was right in that general area on the skidmarks because I laid out a nomograph for Ms. DeLeon, to show her that he was going a minimum of maybe 56, 57 miles an hour, somewhere in that area. I pulled a nomograph out because she couldn't understand why she got the citation.

The DeLeons' motion for a mistrial, predicated on the ineffectiveness of an instruction to disregard the statement regarding the citation, was overruled, but the court did instruct the jury to "not consider for any purpose in this case the volunteered statement of the witness made just now concerning any citation issued at the time of the collision in question."

The overruling of the mistrial motion is the DeLeons' first point contention of reversible error, it being their position that the testimony of a citation being given to Rachel DeLeon was so highly prejudicial that the court's instruction was not sufficient to remove the taint from the jury. As a contrary position, Louder submits that there was not reversible error for at least three reasons, *viz.*, (1) the complained of testimony was an invited response, (2) the court instructed the jury to disregard the statement, and (3) the DeLeons have not demonstrated that a different verdict would have been rendered except for the questioned evidence.

■ At the outset, we cannot agree that the citation statement was an invited response. Obviously, the question, which had been fully answered before the statement of the citation was made, did not call for that response, which the court correctly characterized as a "volunteered statement." But more than that, evidence that a party to an automobile collision was given a citation by an officer is not only im-

proper for any purpose, *Condra Funeral Home v. Rollin*, 158 Tex. 478, 314 S.W.2d 277, 281 (1958), but it is inadmissible in a civil suit growing out of the same incident. *Isaacs v. Plains Transport Company*, 367 S.W.2d 152, 153 (Tex.1963).

Then, the critical determination is whether the improper and inadmissible statement, which the jury was instructed not to consider, was reasonably calculated to cause and probably did cause the jury to return the answers it returned, thereby probably causing the rendition of an improper judgment in this cause. Tex.R. App.P. 81(b)(1); *Isaacs v. Plains Transport Company*, *supra*. That determination is made from a review of the whole record. *Condra Funeral Home v. Rollin*, *supra*, at 280.

In connection with the review of the record, it must be noticed that after Heckerman made the statement about the citation, he was being questioned on redirect examination when the following was recorded:

> Let me ask you this question. Assume that proximate cause means that cause which in a natural, continuous sequence produces an event, and without which cause such event would not have occurred, in this particular case would you tell us whether or not the proximate cause of the accident was the failure of Ms. DeLeon to yield the right-of-way?

The DeLeons objected because the question asked for a legal conclusion. The court overruled the objection, but required that the question "be rephrased, so as not to inquire as to *the* proximate cause, but *a* proximate cause." Thereupon, Heckerman was asked and replied as follows:

> Assume with me, Trooper Heckerman, that proximate cause means that cause which in a natural, continuous sequence produces an event, and without which cause such event would not have occurred, would you, please, tell us whether or not the failure of Ms. DeLeon to yield the right-of-way was a proximate cause of the accident?
>
> Yes, sir, it was.

The court's ruling is the DeLeons' third-point contention of reversible error. In reply, Louder again submits that there was no error for at least three reasons, *viz.*, (1) the cause-in-fact opinion was only cumulative of similar causation testimony admitted without objection, which (2) waived any objection, and (3) the DeLeons again have failed to demonstrate that any error is reversible.

We are not persuaded to accept Louder's threshold proposition. Heckerman's prior, unobjected to opinion that Rachel DeLeon's failure to yield the right-of-way was a factor contributing to the accident is not the equivalent of his later testimony that her failure to yield the right-of-way was a proximate cause of the accident.

It is one thing to say that an act, which is the sense of the word "factor" as used in the prior questioning, contributed to the accident; it is a far different thing to say that the act was a proximate cause of the accident. This distinction obtains because an act itself, though it gives rise to an accident or is one in a connected succession of events which leads to an accident, is not necessarily a proximate cause of the accident. *Phoenix Refining Co. v. Tips*, 125 Tex. 69, 81 S.W.2d 60, 61 (1935). Proximate cause consists of the two elements of cause in fact and foreseeability, both of which must be present. *Missouri Pac. R. Co. v. American Statesman*, 552 S.W.2d 99, 103 (Tex.1977). Hence, for an act, even one said to be a factor contributing to an accident, to become the cause in fact of the accident, it must be a *negligent* act that was a *substantial factor* in bringing about the accident and without which no harm would have been incurred. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 549 (Tex.1985). It follows that the opinions Heckerman expressed did not constitute such similar causation testimony that the absence of an objection to the former opinion waived the objection to the latter.

We, then, reach the merits of the DeLeons' objection. Given only the cause in fact meaning of proximate cause, Heckerman was asked for, and was permitted over the objection to give, his opinion that Rachel DeLeon's failure to yield the right-of-way was a proximate cause of the accident. The question offended because it involved a legal definition and a conclusion based on that definition, *Carr v. Radkey*, 393 S.W.2d 806, 812 (Tex.1965), particularly since proximate cause is not the province of opinion evidence in a tort case. *Danaho Refining Co. v. Pan American Petroleum Corp.*, 383 S.W.2d 941, 946 (Tex.Civ.App.—Waco 1964, writ ref'd n.r.e.). Consequently, the objection that the question called for a legal conclusion was a valid one to exclude the opinion. 2 R.Ray, Texas Law of Evidence Civil and Criminal § 1423 (Texas Practice 3d ed. 1980).

Although Texas courts consistently follow the elementary principle that the Opinion rule forbids the admission of opinions on questions of law or mixed questions of law and fact, 2 R.Ray. Texas Law of Evidence Civil and Criminal § 1423 (Texas Practice 3d ed. 1980), at submission Louder called our attention to the recent opinion in *Birchfield v. Texarkana Memorial Hospital*, 31 Tex.Sup.Ct.J. 36 (Oct. 28, 1987), wherein the Supreme Court said:

The Birchfields' expert witness testified on direct examination that [Texarkana Memorial Hospital's] conduct constituted "negligence," "gross negligence," and "heedless and reckless conduct," and that certain acts were "proximate causes" of Kellie's blindness. Contrary to the holding of the court of appeals, such testimony is admissible. TEX.R.EVID. 704. Fairness and efficiency dictate that an expert may state an opinion on a mixed question of law and fact as long as the opinion is confined to the relevant issues and is based on proper legal concepts.

*Id.* at 37. We candidly confess our mystification by the pronouncement.

The pronouncement, minus any explanation why the rationale on which the Opinion rule is based and the authorities applying it are no longer valid, cites Rule 704 of the Texas Rules of [Civil] Evidence as the only authority for the admissibility of the testimony. That rule reads:

**362** ■ ▬▬▬▬▬▬▬

Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate fact to be decided by the trier of fact.

The rule per se does not change the existing law of evidence; it merely codifies the holdings of *Carr v. Radkey, supra,* and its progency by providing that opinions and inferences may embrace ultimate issues, leaving intact the law that an opinion is objectionable if it embraces a question of law. Texas Rules of Evidence Handbook, 20 Hous.L.Rev. 1, 704 (1983).

But more to the point, we do not deem the *Birchfield* rule of admissibility to permit the reception of Heckerman's opinion of proximate cause. The *Birchfield* court conditions the admissibility of an opinion on a mixed question of law and fact on a predicate that the opinion be based on proper legal concepts. As noted, Heckerman's opinion that the failure of Rachel DeLeon to yield the right-of-way was not based on the proper legal concept of proximate cause.

■ The erroneous admission of the opinion requires that we, in conjunction with the consideration of the first-point contention, review the whole record to determine the question of harmful error. The record reveals, in brief, that absent Heckerman's improper and inadmissible citation statement and his inadmissible opinion of proximate cause, the jury had for its consideration of fault the testimony of the two drivers. In that testimony, there are bases for speeding and failure to keep a proper look-out on the part of Louder and failure to yield the right-of-way on the part of Rachel DeLeon, as well as some justification for each driver's actions. With the record in this state, fault, including its extent, was the vital issue. In this setting, the inadmissible testimony of Heckerman, with his status as the investigating officer who, the record shows, would soon become chief of police in the town where the trial was held, undoubtedly carried significant weight with the jury. Indeed, the probability that the jury gave his inadmissible testimony controlling weight cannot be avoided.

We conclude, therefore, that the errors were reasonably calculated to cause and probably did cause the rendition of an improper judgment in the cause. Accordingly, the first and third points of error are sustained.

The judgment of the trial court is reversed and the cause is remanded.