TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00285-CV






Andrew Astran, Appellant



v.



Donaciano Cantu, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY,


NO. 240,211, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING







 Andrew Astran ("Astran") appeals from a take-nothing judgment rendered against
him in his suit to recover for personal injuries sustained during an automobile collision with
Donaciano Cantu ("Cantu"). The jury failed to find negligence on the part of either party to the
accident. In a single issue on appeal, Astran contends that the trial court erred by admitting expert
witness testimony without determining that the expert's opinions were reliable. Concluding that
the trial court properly assessed the reliability of this testimony, we affirm the trial court's
judgment.


THE CONTROVERSY


 On June 27, 1997, Astran and Cantu were involved in a collision as Astran turned
into a parking lot at the business park where he worked. One witness observed Cantu "driving
faster than he should have been . . . through the parking lot," but did not observe the collision. 

 At trial, Cantu sought to introduce the expert testimony of Dr. Joe Thornhill ("Dr.
Thornhill"), a mechanical engineer with accident reconstruction experience, to establish the
combined speed of the automobiles. In preparing for his testimony, Dr. Thornhill examined the
physical damage sustained by each automobile. Dr. Thornhill testified that the vehicles were
traveling at a combined speed of ten miles per hour. Dr. Thornhill testified that he reached his
conclusions based on his education, professional training as a mechanical engineer, and his
experience in analyzing property damage resulting from vehicle crash tests.

 Contending that Dr. Thornhill's technique relied entirely on "eyeballing" the
property damage and therefore was "not based on [a] sufficiently reliable foundation," Astran
objected to the admission of the expert testimony. The court conducted a hearing outside the
presence of the jury to review Dr. Thornhill's qualifications and the underlying methodology of
his analysis. The trial court overruled Astran's objection and allowed Dr. Thornhill to testify.


DISCUSSION


 We review a trial court's decision to admit or exclude expert testimony for an abuse
of discretion. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999); Broders v. Heise, 924
S.W.2d 148, 151 (Tex. 1996). An abuse of discretion occurs when a trial court's decision is
"arbitrary, unreasonable, and without reference to [any] guiding [rules and] principles." Goode
v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997); accord Owens-Corning Fiberglas Corp. v.
Malone, 972 S.W.2d 35, 43 (Tex. 1998). When a trial court admits expert testimony that lacks
a reliable basis, the court abuses its discretion. Ford v. Aguiniga, 9 S.W.3d 252, 262 (Tex.
App.--San Antonio 1999, pet. denied). We may not conclude that a trial court abused its
discretion merely because we disagree with the trial court's decision. Beaumont Bank, N.A. v.
Buller, 806 S.W.2d 223, 226 (Tex. 1991).

 Astran argues that the trial court did not determine if Dr. Thornhill's testimony
satisfied the preliminary requirements imposed on expert testimony prior to admitting it into
evidence. Specifically, Astran asserts that Dr. Thornhill's opinions were not "reliably based on
science or experience."

 Texas Rule of Evidence 702 permits a witness qualified by knowledge, skill,
experience, training, or education to testify on scientific, technical, or other specialized subjects
if the testimony would assist the trier of fact in understanding or determining a fact issue. Tex.
R. Evid. 702. When an objection is raised under this rule, the proponent of expert testimony
bears the burden of proving not only that the expert is qualified, but also that the expert's
testimony is (1) relevant to the issues in controversy and (2) based upon a reliable foundation. Id.;
Broders, 924 S.W.2d at 151. The trial court must rule on the relevancy and reliability of the
expert's testimony before it may be admitted into evidence. Tex. R. Evid. 702. Because Astran
does not challenge Dr. Thornhill's qualifications or the relevancy of his testimony, we limit our
discussion to the issue of reliability.

 In E.I. du Pont de Nemours & Co. v. Robinson, the Texas Supreme Court held that
rule 702 requires proponents of scientific expert testimony to satisfy the test for admissibility
formulated by the United States Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc. 
E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 556 (Tex. 1995). According to
this test, the trial judge must act as a "gatekeeper" and decide whether a qualified expert's
testimony is relevant and reliable. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589
(1993); Robinson, 923 S.W.2d at 556-57.

 In Robinson, the Texas Supreme Court also recognized several factors enumerated
by the Court in Daubert to guide trial courts in assessing reliability in scientific expert testimony:


(1) the extent to which the theory has been or can be tested; 


(2) the extent to which the technique relies upon the subjective interpretation of
the expert; 


(3) whether the theory has been subjected to peer review and/or publication; 


(4) the technique's potential rate of error;


(5) whether the underlying theory or technique has been generally accepted as
valid by the relevant scientific community; and 


(6) the non-judicial uses which have been made of the theory or technique.



Robinson, 923 S.W.2d at 557 (citations omitted). Subsequently, the Texas Supreme Court
acknowledged that the criteria for assessing reliability will vary depending on the type of expert
and the nature of the evidence offered. Gammill v. Jack Williams Chevrolet, Inc., 972 S.W.2d
713, 726 (Tex. 1998). In Kumho Tire Co. v. Carmichael, the Supreme Court held that the
"gatekeeping" function of a trial court extends to expert testimony based on technical and other
specialized knowledge. Kumho Tire Co., 526 U.S. at 148. The Court recognized that, in contrast
with scientific evidence, non-scientific evidence often relies on the expert's skills or experienced-based observations. Id.

 We now assess whether the trial court performed its function as a gatekeeper. In
particular, we must examine Dr. Thornhill's testimony concerning his skills and his observations
to determine if the trial court could have reasonably concluded that the methodology he employed
was reliable.

 Astran's objection to Dr. Thornhill's determination of the speed of the vehicles at
the point of impact asserted that this testimony was based solely on Thornhill "eyeballing the
damage," which is "something that everybody on this jury is completely competent to do without
the aid of any assistance from any witness." Astran requested that the trial court "exclude any
[expert testimony] about how fast these cars were going." In effect, Astran is complaining that
the evidence had no probative value because it did not assist the trier of fact. We disagree.

 The trial court properly conducted a Robinson hearing outside the presence of the
jury to evaluate the relevance and reliability of the expert's testimony. Dr. Thornhill testified that,
with respect to the combined speed of the vehicles, his conclusions were based on his education
and professional training as a mechanical engineer and on his experience in analyzing property
damage resulting from vehicle crash tests. Specifically, Dr. Thornhill testified that in 1980 he
obtained a doctorate degree in mechanical engineering from The University of Texas where he has
since served as faculty for nineteen years, teaching various courses in mechanical engineering. 
Dr. Thornhill's testimony also revealed that the subject of his doctoral dissertation was impact-force prediction, an aspect of mechanical engineering involving impact mechanics and predicting
the forces generated when bodies collide. Dr. Thornhill further testified that he had examined the
automobiles involved in the accident as well as the accident scene, and had also reviewed
deposition transcripts. Based on his education, professional training, and experience in accident
reconstruction, Dr. Thornhill concluded that the combined or "relative" speed of the vehicles upon
impact was ten miles per hour. He also determined that the physical evidence was inconsistent with
Astran's account that the vehicles were traveling at a higher rate of speed. At the conclusion of
the hearing, the trial court overruled Astran's objection and admitted the testimony.

 "The court in discharging its duty as gatekeeper must determine how the reliability
of particular testimony is to be assessed." Gammill, 972 S.W.2d at 726. In determining the
reliability of this testimony, "[t]he underlying data should be independently evaluated in
determining if the opinion itself is reliable." Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d
706, 713 (Tex. 1997). In Gammill, the court reiterated this proposition: "A court may conclude
that there is simply too great an analytical gap between the data and the opinion proffered." 
Gammill, 972 S.W.2d at 726 (quoting Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997)). A
trial court must "focus solely on the validity of principles and methodology underlying the
testimony, not the conclusions generated." N. Dallas Diagnostic Ctr. v. Dewberry, 900 S.W.2d
90, 95 (Tex. App.--Dallas 1995, writ denied).(1) 

 This state has a long history of allowing qualified accident reconstruction experts
to testify regarding the way in which an accident occurred. See, e.g., Chavers v. State, 991
S.W.2d 457, 460-61 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd); Waring v. Wommack, 945
S.W.2d 889, 893 (Tex. App.--Austin 1997, no pet.); Trailways, Inc. v. Clark, 794 S.W.2d 479,
483 (Tex. App.--Corpus Christi 1990, writ denied); DeLeon v. Louder, 743 S.W.2d 357, 359
(Tex. App.--Amarillo 1987), writ denied per curiam, 754 S.W.2d 148 (Tex. 1987); Bolstad v.
Egleson, 326 S.W.2d 506, 519 (Tex. Civ. App.--Houston 1959, writ ref'd n.r.e.).

 In contrast with the expert in Gammill, Dr. Thornhill provided a link between his
observations and his conclusion. In his examination of the property damage sustained by the two
vehicles, Dr. Thornhill used objective and relevant data in reaching a conclusion regarding the
combined speed of the two vehicles. Thus, a sufficient link exists between Dr. Thornhill's
analysis and conclusions. Given the Daubert factors as extended to experience-based expert
testimony by Gammill and Kumho, we cannot say the trial court abused its discretion in admitting
Dr. Thornhill's testimony. We overrule Astran's issue on appeal.


CONCLUSION


 Because the trial court did not abuse its discretion in admitting Dr. Thornhill's
testimony, we affirm the trial court's judgment.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: November 9, 2000

Do Not Publish

1. The accuracy of an expert's conclusions, whose theory and methodology are reliable, may 
be challenged by cross-examination, as they were at this trial.


is jury is completely competent to do without
the aid of any assistance from any witness." Astran requested that the trial court "exclude any
[expert testimony] about how fast these cars were going." In effect, Astran is complaining that
the evidence had no probative value because it did not assist the trier of fact. We disagree.

 The trial court properly conducted a Robinson hearing outside the presence of the
jury to evaluate the relevance and reliability of the expert's testimony. Dr. Thornhill testified that,
with respect to the combined speed of the vehicles, his conclusions were based on his education
and professional training as a mechanical engineer and on his experience in analyzing property
damage resulting from vehicle crash tests. Specifically, Dr. Thornhill testified that in 1980 he
obtained a doctorate degree in mechanical engineering from The University of Texas where he has
since served as faculty for nineteen years, teaching various courses in mechanical engineering. 
Dr. Thornhill's testimony also revealed that the subject of his doctoral dissertation was impact-force prediction, an aspect of mechanical engineering involving impact mechanics and predicting
the forces generated when bodies collide. Dr. Thornhill further testified that he had examined the
automobiles involved in the accident as well as the accident scene, and had also reviewed
deposition transcripts. Based on his education, professional training, and experience in accident
reconstruction, Dr. Thornhill concluded that the combined or "relative" speed of the vehic