COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 PRISCILLA R.
 VALDEZ,
  
                             Appellant,
  
 v.
  
 CITY OF
 MONAHANS and
 AMADO CARRASCO VALENZUELA,
  
                             Appellees.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00069-CV
  
 Appeal from the
  
 143rd District Court
  
 of Ward County, Texas 
  
 (TC# 01-03-19912-CVW)
  
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


MEMORANDUM OPINION

 

Priscilla R. Valdez appeals a
take-nothing judgment in her lawsuit against the City of Monahans and Amado
Carrasco Valenzuela stemming from a motor vehicle collision.  We affirm.

Facts

On the afternoon of August 12, 1999,
a garbage truck driven by Amado Carrasco Valenzuela and a 1994 Buick driven by
Priscilla R. Valdez collided on C Street in the City of Monahans.  This litigation resulted from Valdez=s suit against Valenzuela and the
City of Monahans for negligence.








Valenzuela is a sanitation worker for
the City of Monahans.  As part of his
regular rounds, Valenzuela was on C Street emptying a dumpster.  Because of the position of the dumpster and
the design of the truck, Valenzuela had to maneuver his vehicle next to the
dumpster such that it faced oncoming traffic. 
The street is a residential street and without much traffic.  The garbage truck itself is fifteen feet
wide, which leaves fourteen and a half feet protruding out into the road.  Without explaining how wide the road is,
Valenzuela testified that a car could pass by, but it would be Atight.@ 
Any traffic that was traveling eastbound would need to pull into the
westbound lane to get around the garbage truck. 
On the back of the truck is a flashing strobe light that is on all day
while the truck is in operation. 
Valenzuela also testified that he routinely activates his turn signal or
flashers when he parks the truck, but could not remember if he did so on this
occasion.








When Valenzuela finished emptying the
dumpster, he backed the garbage truck a short distance to avoid a parked
vehicle.  Although the truck is equipped
with side mirrors with wide-view mirrors inset, there are Ablind spots.@ 
Valenzuela was well aware of these blind spots from his past experience
driving the truck.  The wide-angle
mirrors were wide enough to see any oncoming traffic on the street.  Valenzuela checked the mirrors, but did not
see anything.  As he pulled across the
eastbound lane to get into the proper lane of traffic, the garbage truck collided
with the car driven by Valdez. 
Valenzuela testified that he never saw Valdez before the point of
impact.  Valenzuela also testified that
his truck ran into her car, rather than her car running into his truck.  He later stated that he really did not know
if he caused the contact or if she drifted into him.  As he pulled out, the truck was slowly Abarely pulling out.@ 
He had never had an automobile accident other than the one that day.

After the accident, Valenzuela,
Valdez, and her passenger Agathered underneath a shade tree@ and talked.  Although he did check to see that she was not
hurt, Valenzuela testified that he neither apologized nor made any statement
about what may have caused the accident. 
Valdez testified that when she asked what happened, he responded that he
had not seen her.  The people in the car
told Valenzuela that they were not hurt.

It was determined that the dumpster
could not have been emptied without violating the traffic laws by being in the
improper lane.  Valenzuela was cited at
the accident.  The citation appears to
have been dismissed.  Valdez and her
sister Rosalinda Ramirez were on C Street that afternoon checking on a rental
trailer for her daughter.  They were
driving her 1994 Buick.  Valdez was
driving eastbound on C Street and noticed the garbage truck on the south side
of the street.  She had to pull around
him to pass the truck.  At the end of the
block, she made a U-turn and headed back. 
She did not notice the truck backing up, a turn signal, or the flashing
strobe light.  She did see the truck Arolling out.@ 
She testified that she slowed down, but did not have any indication that
he would collide with her.  In order to
avoid him, she testified, she could not have turned right because of a fence
and trees, nor could she have turned left. 
She applied the brakes, but apparently not in time to avoid a
collision.  The truck collided with the
driver=s side door.








Valdez testified that she was looking
at a trailer on the right when the accident occurred.  She did not pull over and stop the car, but
just continued slowly.  The truck driven by
Valenzuela was on her left.  She noticed
people at a house on the right, but did not know what they were doing.  She admitted that she may not have seen the
light on the truck because she was not looking at the truck, but instead was
looking to the side of the road for a sign in the yard.  She assumed that the driver of the truck had
seen her.  She did not honk her
horn.  She probably did not swerve to
avoid him, she testified.  She also
admitted that if she had been looking straight ahead rather than looking for a
real estate sign, she probably would have seen the truck.

That afternoon Ronnie Ramsey was
working on the roof of his mother=s house on C Street.  At the time of the accident, he was taking a
break and was on the ground.  He saw that
Valdez was driving slowly and was looking at a garage sale at the side of the
road, rather than at the road.  Her
passenger was looking at him.  He noticed
that the truck had its signal lights on. 
He testified that he thought Valdez did not even see the truck because
she was looking to the side of the road. 
When asked, AWho hit who?,@ Ramsey responded, AShe actually drifted to him, drifted
into him.@ 
Clarifying, he testified, AShe ran into the truck.@ 
The jury found that Valdez=s negligence proximately caused the
accident, but that Valenzuela was not at fault.








Evidence supports jury verdict

In his sole issue on appeal, Valdez
argues that the jury=s verdict finding that Valenzuela was not negligent is
against the great weight and preponderance of the evidence.  Reviewing the record with the appropriate
deference for the jury=s role as fact finder, we cannot agree.  Accordingly, the judgment of the trial court
is affirmed.

i.          Standard of review

As plaintiff, Valdez has the burden
of proving that Valenzuela was negligent. 
When a party attacks the factual sufficiency of an adverse finding
regarding an issue on which she had the burden of proof at trial, she must
demonstrate that the adverse finding is against the great weight and
preponderance of the evidence.  Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).  To resolve a factual sufficiency challenge,
we must consider both the evidence supporting the finding and the evidence
supporting a contrary finding.  Piatt
v. Welch, 974 S.W.2d 786, 789 (Tex. App.--El Paso 1998, no pet.).  It is for the jury to determine the weight to
be given to the testimony presented and to resolve any conflicts in the
evidence.  Id.  Our judgment cannot be substituted for that
of the jury, even if we would find a fact contrary to that found by the jury,
provided that the jury finding is supported by the evidence and is not against
the great weight and preponderance of the evidence.  Id. 
The jury=s verdict will be overturned only if it is so contrary to the
great weight and preponderance of the evidence as to be manifestly unjust.  Id.








ii.        Negligence of the City of Monahans not
addressed

Much of Valdez=s brief on appeal argues that
placement of the dumpster was negligence on the part of the City.  Liability for negligence of the City in any
capacity other than through the theory of respondeat superior was not part of
the original petition to the trial court, nor is it addressed in Question 1 to
the jury, the question challenged by Valdez on appeal.  For this reason we need not address this
argument.

iii.       The
verdict of the jury is not against the great weight and preponderance of the
evidence

 

The jury found that the negligence of
Valdez did proximately cause the accident, but did not find Valenzuela at
fault.  It is this finding that Valdez
challenges.  First, Valdez claims that at
the very least some negligence must be attributed to Valenzuela because he
received a citation at the accident, which should be considered negligence per
se.  Appellees argue that evidence of a
traffic citation is improper for any purpose, and is generally inadmissible in
a civil suit growing out of the same incident. 
DeLeon v. Louder, 743 S.W.2d 357, 360 (Tex. App.--Amarillo 1987,
writ denied).  Citations are only given
for possible violations of penal ordinances or statutes and not for the purpose
of establishing fault in civil litigation. 
Isaacs v. Plains Transport Co., 367 S.W.2d 152, 153 (Tex. 1963).








Determination of who acted
negligently in a civil dispute is a question that the courts ask of a jury, not
law enforcement.  Younger Bros., Inc.
v. Myers, 159 Tex. 585, 589, 324 S.W.2d 546, 549 (1959).  In this case, evidence of a citation was
admitted without objection.  However, a
mere citation does not constitute negligence per se.  Proof of negligence per se requires that the
proponent of the theory prove (1) a violation of the penal standard, and (2)
that the violation is unexcused.  Piatt,
974 S.W.2d at 788-89.  No argument
concerning the second of these two concerns has been undertaken, thus the
citation cannot be considered as negligence per se.  Further, negligence per se was not pleaded in
the plaintiff=s petition to the trial court.  There is also evidence that the citation may
have been dismissed.

Second, Valdez argues that Valenzuela
openly admitted that he was the one that ran into Valdez=s vehicle and that he never saw her
until the impact.  This, she argues,
should establish at least some negligence on his part.  However, Valenzuela admitted that he really
did not know whether he caused the contact or if she drifted into him.  Testimony from Ramsey, the only independent
witness, indicates that Valdez drifted into Valenzuela, causing the accident
while she was looking away from the road. 
This supports the jury=s verdict.








Third, Valdez argues that the facts
that Valenzuela was facing the wrong direction as he collected trash from the
dumpster and was aware of Ablind spots@ that required additional caution mandate some finding of
failure to use due care.  We cannot
agree.  If the jury believed Ramsey=s testimony that Valdez was not
watching the road as she drove, and further believed that the accident was
caused by Valdez=s car drifting into the path of the dump truck as it pulled
out, then the response to Question 1 is supported by the evidence.  We cannot find within the record that the
jury=s finding is against the great weight
and preponderance of the evidence.  The
sole issue on appeal is overruled.

Conclusion

For the foregoing reasons the
judgment of the trial court is affirmed.

 

SUSAN
LARSEN, Justice

September 18, 2003

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.